HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

MINHNGA NGUYEN,

    Plaintiff,

    v.

THE BOEING COMPANY,

    Defendant.

CASE NO. C15-793RAJ

ORDER

## I. INTRODUCTION

This matter comes before the Court on Defendant Boeing Company's ("Defendant") Motion to Dismiss (Dkt. # 12) and Plaintiff Minhnga Nguyen's ("Plaintiff") Motion for Summary Judgment (Dkt. # 14). For the reasons set forth below, the Court hereby **GRANTS** Defendant's Motion and **DENIES as MOOT** Plaintiff's Motion.

## II. BACKGROUND

The facts set forth herein are derived from Plaintiff's Complaint. Dkt. # 1. Plaintiff repeats the vast majority of these allegations – though with a few wrinkles – throughout her various filings, including her Motion for Summary Judgment (Dkt. # 14), her opposition to Defendant's Motion to Dismiss (Dkt. # 15), the "supplement" to her motion for summary judgment (Dkt. # 18),[1] and her "Request to Admit Witness Testimony" (Dkt. # 21).[2]

---

[1] Defendant has filed a surreply moving to strike this document. *See* Dkt. # 20. As Defendant rightly argues, Plaintiff's "supplement" was not timely filed. *See* Local Rules W.D. Wash. LCR

ORDER – 1

Plaintiff alleges that she began working for Defendant in June 1991, working as an electrical engineer. *See* Dkt. # 1 ("Compl.") at 2. Defendant subsequently terminated Plaintiff's employment in November 2014. *See id.* Plaintiff claims that she was harassed and discriminated against based on her race, national origin, sex, and terminated in retaliation for complaining about such. *See id.* ("I was discharged as a result of their discrimination and retaliation acts against me. Their actions were based on my race, Asian, my limited English, and retaliation of my protests of discrimination.").

Plaintiff alleges several instances of discrimination in her Complaint. These allegations include directions to use leave without pay for a sick day after she felt sick due to the theft of her eyeglasses (*see id.* at 2-3), to return her laptop (*id.* at 3), suspension from work for improper use of sick leave (*id.*), towing her car and issuing a parking ticket (*id.*), "triple disciplin[ing]" her "with a written warning on 10/15/14, for a first time mistake" (*id.*), a human resource manager's admission that she declined to forward Plaintiff's discrimination complaint to Defendant's Equal Employment Opportunity office (*id.*), and an apparent refusal to recognize her flex schedule (*id.*).

In her other pleadings, Plaintiff adds allegations that although she was denied her request to flex her schedule (*see* Dkt. # 14 at 2) but that the request was subsequently approved (*see id.* at 1). Plaintiff alleges that Defendant approved male employees to

---

7(d)(3) ("Any reply papers shall be filed and served no later than the noting date."). The noting date for Plaintiff's Motion was August 28, 2015 (*see* Dkt. # 14) while Plaintiff's "supplement" was filed on September 9, 2015 (*see* Dkt. # 18). While the Court is inclined to strike Plaintiff's untimely filing, it declines to do so in light of Plaintiff's pro se status. *See Waters v. Young*, 100 F.3d 1437, 1441 (9th Cir. 1996) ("this court has long sought to ensure that pro se litigants do not unwittingly fall victim to procedural requirements that they may, with some assistance from the court, be able to satisfy.").

[2] Defendant filed a surreply seeking to strike this document as untimely. *See* Dkt. # 21. The Court agrees as this document as filed well past the deadline for filing reply briefs (*see* Local Rules W.D. Wash. LCR 7(d)(3)), constitutes an improper surreply (*see* Local Rules W.D. Wash. LCR 7(g)) is of limited relevance to the issues at hand (*see* Fed. R. Evid. 401). The Court declines to strike the untimely filing in light of Plaintiff's pro se status (*see Waters*, 100 F.3d at 1441), but will decline to consider the attached "Declaration of Ted Yan" as it is irrelevant. Mr. Yan himself admits that he left the systems engineering team prior to Plaintiff's termination and does not know why Plaintiff was discharged from her position. *See* Dkt. # 21 at 6 ¶¶ 3-4.

ORDER – 2

1  work an alternative flex schedule but denied her request to do so. *See id.* at 2.
2  Additionally, Plaintiff alleges that not a single one of Defendant's male employees was
3  refused a day of sick leave or suspended for taking sick leave. *See id.* Plaintiff also
4  clarifies that on the day she was discharged, she fell unconscious and injured her neck
5  and shoulder. *Id.* According to Plaintiff, a human resources manager called security to
6  escort Plaintiff out and threatened to throw her in jail, but did no such thing with any
7  male employee. *Id.* Plaintiff also seeks to add age discrimination claims. *See id.* at 3.
8  Finally, Plaintiff newly alleges that Defendant violated the Age Discrimination in
9  Employment Act ("ADEA") when it fired her. *See id.*

10  Plaintiff filed a charge with the Equal Employment Opportunity Commission
11  ("EEOC"), which was dismissed on March 9, 2015. *See* Compl. at 26. That charge
12  claimed only that Plaintiff was discriminated based on race, sex, and in retaliation. *Id.* at
13  24. The EEOC issued a right to sue notice (*id.* at 26) but it appears that the EEOC
14  revoked that determination in a subsequent letter dated May 15, 2015 (*see* Dkt. # 13-1
15  Ex. A).[3] Subsequent to the May 15, 2015 letter, the EEOC issued a letter indicating that
16  it would be unable to investigate claims of race discrimination and retaliation because of
17  the inclusion of those claims in the instant suit. *See* Dkt. # 15 at 9. The EEOC did,
18  however, indicate that it would continue to investigate Plaintiff's sex discrimination
19  claim. *Id.*

### III.  LEGAL STANDARD

Fed. R. Civ. P. 12(b)(6) permits a court to dismiss a complaint for failure to state a claim. The rule requires the court to assume the truth of the complaint's factual allegations and credit all reasonable inferences arising from those allegations. *Sanders v. Brown*, 504 F.3d 903, 910 (9th Cir. 2007). A court "need not accept as true conclusory

---

[3] The Court **GRANTS** Defendant's Request for Judicial Notice of the EEOC letter. Courts are permitted to take judicial notice under Federal Rule of Evidence 201 of EEOC proceedings. *See Adetuyi v. City & Cty. of San Francisco*, 63 F. Supp. 3d 1073, 1080-81 (N.D. Cal. 2014) (taking judicial notice of EEOC charges and right to sue letters); *see also Cunningham v. Litton Indus.*, 413 F.2d 887, 889 n.2 (9th Cir. 1969) (proper to take judicial notice of EEOC proceedings).

ORDER – 3

allegations that are contradicted by documents referred to in the complaint." *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008). The plaintiff must point to factual allegations that "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 568 (2007). If the plaintiff succeeds, the complaint avoids dismissal if there is "any set of facts consistent with the allegations in the complaint" that would entitle the plaintiff to relief. *Id.* at 563; *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

A court typically cannot consider evidence beyond the four corners of the complaint, although it may rely on a document to which the complaint refers if the document is central to the party's claims and its authenticity is not in question. *Marder v. Lopez*, 450 F.3d 445, 448 (9th Cir. 2006). A court may also consider evidence subject to judicial notice. *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003).

Where a plaintiff proceeds *pro se*, the court must construe his "complaints liberally even when evaluating it under the *Iqbal* standard." *Johnson v. Lucent Techs. Inc.*, 653 F.3d 1000, 1011 (9th Cir. 2011) (citing *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010)). "Furthermore, '[l]eave to amend should be granted unless the pleading could not possibly be cured by the allegation of other facts, and should be granted more liberally to pro se plaintiffs.'" *Id.* (quoting *McQuillion v. Schwarzenegger*, 369 F.3d 1091, 1099 (9th Cir. 2004)).

## IV.  ANALYSIS

Before this Court can determine the substance of either Defendant or Plaintiff's merits-based challenges, it must ascertain whether it has subject matter jurisdiction over the suit. "In order for a court to have subject matter jurisdiction over a Title VII claim, an individual is required to exhaust his administrative remedies by either 'filing a timely charge with the EEOC, or the appropriate state agency, thereby affording the agency an opportunity to investigate the charge.'" *Arthur v. Whitman Cty.*, 24 F. Supp. 3d 1024, 1031 (E.D. Wash. 2014) (quoting *B.K.B. v. Maui Police Dep't*, 276 F.3d 1091, 1099 (9th

ORDER – 4

Cir. 2002)).  Once the EEOC has issued a notice of right to sue, the plaintiff must file her lawsuit within 90 days.  *See* 42 U.S.C. § 2000e-5(f).

If the EEOC decides to reconsider its initial determination, it must notify the parties of its intent to reconsider.  *See* 29 C.F.R. § 1601.19(b).  Crucially, if the EEOC issues such a notice of intent to reconsider, then the regulation further provides:

> If such notice of intent to reconsider is issued within 90 days of receipt of the final no cause determination, and the person claiming to be aggrieved or the person on whose behalf a charge was filed has not filed suit and did not request and receive a notice of right to sue pursuant to § 1601.28(a) (1) or (2), the notice of intent to reconsider shall vacate the letter of determination and shall revoke the charging party's right to bring suit within 90 days.

*Id.*

The original no cause determination was issued on March 9, 2015.  *See* Compl. at 26.  The EEOC's notice of intent to reconsider was issued on May 15, 2015, well within the 90 day period, meaning that Plaintiff's right to bring suit was revoked as of that date. *See Martin v. Alamo Cmty. Coll. Dist.*, 353 F.3d 409, 413 (5th Cir. 2003) (holding that notice of intent to reconsider valid as of date of postmark).  *See* Dkt. # 13-1 Ex. A.  The instant suit was not commenced until May 20, 2015 (*see* Compl.), meaning that under the EEOC's regulations,.

Plaintiff does submit another letter from the EEOC (albeit one that Defendant claims is unauthenticated) which suggests that after having received notice of the instant lawsuit, the EEOC separated Plaintiff's claims based on race and retaliation from her claims based on gender discrimination, the former as part of the instant suit and the latter as part of the EEOC investigation.  *See* Dkt. # 15 at 9.  Nevertheless, to date, Plaintiff has not provided another right to sue notice, and none of the information contained in that letter suggests that the EEOC had given Plaintiff another notice of her right to sue.  Without that, the Court cannot consider Plaintiff's claims. [4]

---

[4] There is some question as to whether Plaintiff's right to sue on her proposed ADEA claim may be revoked under this regulation.  *See McCray v. Corry Mfg. Co.*, 61 F.3d 224, 228 (3d Cir. 1995).  Of course, Plaintiff did not charge discrimination on the basis of age in her original EEOC charge (*see* Compl. at 24) nor did she allege it in the body of her original complaint, though it may be "reasonably related" to the allegations in that charge (*see Albano v. Schering-*

ORDER – 5

What this means is that the Court must **DISMISS** Plaintiff's Complaint for lack of subject matter jurisdiction. However, the Court will provide Plaintiff with **30 days leave to amend** her Complaint. In order for Plaintiff's suit to continue, she must provide a *valid* right to sue letter from the EEOC covering her claims, issued *after* the EEOC issued its notice of intent to reconsider. Until she produces such a notice, the Court cannot exercise jurisdiction over her claims. In other words, if Plaintiff has been issued a second notice of right to sue, she should file an amended complaint attaching at least (1) her original EEOC charge (attached at page 24 of the current Complaint) and (2) the second notice of right to sue.

If Plaintiff has not yet received a second notice of right to sue, then her claims likely are not yet ripe. Plaintiff may advise the EEOC that she wishes that they complete their investigation first. Alternatively, Plaintiff may request, in writing, a notice of right to sue covering all of her claims pursuant to 29 C.F.R. §1601.28(a) so that she may pursue them in the instant lawsuit. Either way, Plaintiff is advised to produce a copy of this Order to the EEOC and to inform them and the Court of her decision.

However Plaintiff chooses, must produce a valid notice of right to sue **within 30 days** of this Order, advise this Court why she needs additional time to do so, or inform the Court that she has decided to allow the EEOC to continue its investigation. Barring such action, the Court will dismiss Defendant and close this case.

///

///

///

---

*Plough Corp.*, 912 F.2d 384, 386 (9th Cir. 1990)). The Court declines to address that question at this time, given Plaintiff's failure to present a valid right to sue notice and because that issue has not been properly raised with the Court.

ORDER – 6

## V.  CONCLUSION

For the reasons stated above, the Court **GRANTS** Defendant's Motion to Dismiss (Dkt. # 12) and **DENIES as MOOT** Plaintiff's Motion for Summary Judgment (Dkt. # 14).  The Court grants Plaintiff **30 days leave** to file an amended complaint attaching a valid notice of right to sue or advising this Court why Plaintiff has not yet done so, either because she requires additional time or because she has decided to permit the EEOC to complete its investigation.

DATED this 7th day of December, 2015.

*/s/ Richard A. Jones*

The Honorable Richard A. Jones
United States District Court

ORDER – 7