HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MINHNGA NGUYEN,<br><br>     Plaintiff,<br><br>     v.<br><br>THE BOEING COMPANY,<br><br>     Defendant. | CASE NO. C15-793RAJ<br><br>ORDER |

## I. INTRODUCTION

This matter comes before the Court on Defendant Boeing Company's ("Defendant") Motion to Dismiss Plaintiff Minhnga Nguyen's ("Plaintiff") Third Amended Complaint In Part. Dkt. # 42. For the reasons set forth below, the Court **GRANTS** Defendant's Motion. Dkt. # 43.

## II. BACKGROUND

On May 20, 2015, *pro se* plaintiff Minhnga Nguyen filed this action alleging claims of discrimination and retaliation under Title VII. *See* Dkt. # 1 at 2. Defendant moved to dismiss. Dkt. # 12. On December 8, 2015, the Court granted Defendant's Motion to Dismiss, but gave Plaintiff leave to amend. Dkt. # 24. Plaintiff filed a Second

ORDER – 1

Amended Complaint, alleging claims for disparate treatment, hostile work environment, retaliation, wrongful termination in violation of public policy, violations of the federal Family and Medical Leave Act ("FMLA") and Washington Family Leave Act ("WFLA"), and failure to accommodate. Dkt. # 29. Defendant again moved to dismiss. Dkt. # 31. On May 16, 2016, the Court granted in part and denied in part Defendant's Motion, but again provided Plaintiff an opportunity to amend. Dkt. # 41. The Court identified the deficiencies in Plaintiff's Amended Complaint and cautioned her that if she did not cure these deficiencies, the Court would dismiss all affected claims. *Id.* On May 26, 2016, Plaintiff filed her Third Amended Complaint. Dkt. # 42. Defendant then filed the instant motion. Dkt. # 43.

Plaintiff worked for Defendant as an engineer for twenty-one years before she was terminated from her position in November 2014 for failing to comply with management direction. *See* Dkt. # 42 at 1-2. This action followed.

Plaintiff lists a series of events which she perceives to be discriminatory. In March 2013, her supervisor, Dorothy Todd, rated Plaintiff "efficiently," but gave her a lower retention rating than Keith Choyke, a "young white male employee with less experience." *Id* at 2. In response to this rating, Plaintiff emailed the other managers about her concerns. *Id.*

In April 2014, Keith Sellers became Plaintiff's senior manager. *Id.* Mr. Sellers directed Plaintiff's new supervisor, Gary Weber, to reduce his Systems Engineering team by six workers. *Id.* at 30. Sometime afterwards, Mr. Weber told Plaintiff, "[F]or what you do, I can easily get a drafter to replace you." *Id.* at 2.

On July 18, 2014, Plaintiff's eyeglasses were stolen at work and she felt sick. *Id.* at 3. She emailed acting manager Jeff Vick, informing him that she would need "a couple days off" due to the incident. *Id.* at 14. On July 21, 2014, Mr. Sellers called Plaintiff several times while she was at home during her sick leave, but Plaintiff did not respond. *Id.* at 3. As a result, Mr. Sellers altered Plaintiff's sick leave to leave without

pay. *Id.* A few weeks later, Mr. Sellers and Mr. Weber had Plaintiff return her laptop and withdrew authorization for her to work offsite. *Id.* at 3, 17.

On August 7, 2014, Plaintiff received a Corrective Action Memo ("CAM") from HR employee Kim Conner and Mr. Sellers. The CAM advised that she had neglected to notify management that she would be out of the office on July 21, 2014 and that she had reported her time inaccurately. *Id.* at 15. As a result, Plaintiff was suspended from August 8, 2014 to August 14, 2014. *Id.* at 3. Plaintiff had previously received a written warning by Ms. Todd on March 14, 2014, for refusing to release engineering drawings to Defendant. *Id.* at 2.

On August 15, 2014, Plaintiff emailed Defendant's Director of Engineering, Rich Horigan, about her suspension. *Id.* at 3. On September 9, 2014, Plaintiff's car was towed by Defendant, and Plaintiff received a parking ticket. *Id.* On October 15, 2014, Plaintiff received a CAM from Mr. Weber due to her failure to comply with Defendant's parking regulations. *Id.* at 3, 16.

On October 17, 2014, Plaintiff filed a discrimination complaint to Defendant's HR manager, Heather Frasier. *Id.* at 4. On November 20, 2014, Ms. Conner and Mr. Sellers engaged Plaintiff in a disciplinary meeting. *Id.* That same day, Plaintiff received a CAM for her failure to park in designated parking spaces. *Id.* at 19. As a result, she received a five day suspension. Ultimately, she was terminated. *Id.* at 19, 20.

Plaintiff filed a discrimination charge with the Equal Employment Opportunity Commission ("EEOC"). *Id.* at 28. The EEOC was unable to conclude from the available information that there were any statutory violations, and issued Plaintiff a right to sue letter. *Id.*

### III.  LEGAL STANDARD

Fed. R. Civ. P. 12(b)(6) permits a court to dismiss a complaint for failure to state a claim. The rule requires the court to assume the truth of the complaint's factual

ORDER – 3

allegations and credit all reasonable inferences arising from those allegations. *Sanders v. Brown*, 504 F.3d 903, 910 (9th Cir. 2007). A court "need not accept as true conclusory allegations that are contradicted by documents referred to in the complaint." *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008). The plaintiff must point to factual allegations that "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). If the plaintiff succeeds, the complaint avoids dismissal if there is "any set of facts consistent with the allegations in the complaint" that would entitle the plaintiff to relief. *Id.* at 563; *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

A court typically cannot consider evidence beyond the four corners of the complaint, although it may rely on a document to which the complaint refers if the document is central to the party's claims and its authenticity is not in question. *Marder v. Lopez*, 450 F.3d 445, 448 (9th Cir. 2006). A court may also consider evidence subject to judicial notice. *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003).

Where a plaintiff proceeds *pro se*, the court must construe her "complaints liberally even when evaluating it under the *Iqbal* standard." *Johnson v. Lucent Techs. Inc.*, 653 F.3d 1000, 1011 (9th Cir. 2011). A *pro se* litigant who has filed a deficient complaint is generally "entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of the action." *Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995). But such complaints are subject to dismissal where "it is absolutely clear" that further amendment would not cure the deficiencies. *Id.*; *see also Garity v. APWU Nat'l Labor Org.*, 655 Fed. Appx. 523 (9th Cir. 2016) (unpublished) (affirming trial court's dismissal with prejudice of *pro se* plaintiff's amended complaint of hostile work environment, negligent retention, and intentional infliction of emotional distress claims as insufficiently plead.).

ORDER – 4

## IV. ANALYSIS

a. <u>Disparate Treatment Claims</u>

Plaintiff's Third Amended Complaint brings disparate treatment claims pursuant to Title VII, Washington Law Against Discrimination ("WLAD"), and 42 U.S.C. § 1981. Dkt. # 42 at 2. Plaintiff asserts that she was discriminated against based on her race, national origin, and gender. *Id.*

To establish a prima facie case of disparate treatment, a plaintiff must show "(1) that [s]he is a member of a protected class; (2) that [s]he was qualified for [her] position and performing [her] job satisfactorily; (3) that [s]he experienced an adverse employment action; and (4) that 'similarly situated individuals outside [her] protected class were treated more favorably, or other circumstances surrounding the adverse employment action give rise to an inference of discrimination.'" *Knight*, 797 F. Supp. 2d at 1125 (quoting *Peterson v. Hewlett-Packard Co.*, 358 F.3d 599, 603 (9th Cir. 2004)).[1]

Defendant asserts that Plaintiff's disparate treatment claims should be dismissed with prejudice because Plaintiff has again failed to sufficiently allege a legally cognizable comparator as previously noted by the Court. Dkt. # 43 at 5.

The Court agrees. Plaintiff attempts to provide a legally cognizable comparator by identifying Boeing employees who were allegedly treated more favorably than her. She alleges that in March 2013, Keith Choyke, a "young white male employee" was rated at a higher retention level rating than Plaintiff. Dkt. # 42 at 2. But Plaintiff does not include any allegations that Mr. Choyke was a similarly situated employee or had acted similarly to Plaintiff. *See* Dkt. # 42 at 2. Plaintiff further alleges that male Boeing engineers Matt Koehler and Herb Harvey were treated better. *Id.* at 9. Plaintiff again merely offers the

---

[1] Because Washington's discrimination laws substantially parallel federal laws, it is often appropriate to analyze state and federal discrimination claims together. *See Little v. Windermere Relocation, Inc.*, 301 F.3d 958, 966 (9th Cir. 2001) (citing *Payne v. Children's Home Soc. of Wash.*, 892 P.2d 1102, 1105 (Wash. 1995)); *Alonso v. Quest Commc'ns Co., LLC*, 315 P.3d 610, 616 n.11 (Wash. Ct. App. 2013) (citing *Xieng v. Peoples Nat'l Bank of Wash.*, 844 P.2d 389, 392 (Wash. 1993)); *Knight v. Brown*, 797 F. Supp. 2d 1107, 1133 (W.D. Wash. 2011) (applying same analysis to claims under Title VII, § 1981, and WLAD).

ORDER – 5

facts that Mr. Koehler's salary was higher than Plaintiff's, and that Mr. Harvey was promoted as Plaintiff's lead. *Id.* Plaintiff fails to show that these employees were similarly situated in the same job as Plaintiff, or engaged in similar conduct as Plaintiff, such as committing parking violations or refusing to release engineering drawings. *Id.* at 2, 3.

Plaintiff also submits the affidavit of Ted Yan, an engineer who worked with Plaintiff. The Court, however, has already determined that Mr. Yan does not qualify as a legally cognizable comparator. *See* Dkt. # 41 at 6 n.3 ("Mr. Yan's statements do not indicate that he ever engaged in any of the activity Plaintiff claims she was disciplined for.").

Plaintiff does not identify any other specific comparators in order to sustain her claims. She makes threadbare and conclusory allegations about Defendant's employees, such as alleging that "all male American employees" were allowed to keep their laptops and work from home (Dkt. # 42 at 3); "American male engineers" were not denied sick leave nor suspended five days for taking sick leave (*Id.*); "no Boeing American male employee received . . . severely bad treatment" (*Id.* at 4); "Boeing male American employees don't receive this kind of severe unfit disciplines" (*Id.* at 5); "male American employee[s]" were not insulted like Plaintiff (*Id.* at 6); and "other American male employees" were allowed to flex time (*Id.* at 7). Plaintiff fails to identify employees who are "similarly situated . . . [and] have similar jobs and display[ed] similar conduct." *Vasquez v. Cty. of Los Angeles*, 349 F.3d 634, 641 (9th Cir. 2004) (citing *Ward v. Procter & Gamble Paper Prods. Co.*, 111 F.3d 558, 560-61 (8th Cir. 1997)). To demonstrate disparate treatment, Plaintiff must allege that she and other employees "were treated differently despite displaying similar conduct." *Espinoza v. Corvington*, No. 2:10-CV-03213 JAM, 2012 WL 639313, at *8 (E.D. Cal. Feb. 27, 2012). She has not done so. Consequently, Plaintiff has not provided legally cognizable comparators for her disparate treatment claims. The Court **DISMISSES** these claims with prejudice.

ORDER – 6

  b. <u>Hostile Work Environment Claims</u>

Next, Plaintiff alleges hostile work environment claims pursuant to Title VII and WLAD. Dkt. # 42 at 9. To prevail on a hostile workplace claim, Plaintiff must show: (1) that she was subjected to verbal or physical conduct based on her protected characteristic; (2) that the conduct was unwelcome; and (3) that the conduct was sufficiently severe or pervasive to alter the conditions of the plaintiff's employment and create an abusive work environment. *See Vasquez*, 349 F.3d at 642; *see also Knight*, 797 F. Supp. 2d at 1131 (analyzing Title VII, § 1981, and WLAD hostile work environment claims together). Additionally, for Title VII violations, "courts look at all the circumstances, including 'the frequency of the discriminatory conduct, its severity; whether it is physically threatening or humiliating, or a mere offensive utterance; and whether it unreasonably interferes with an employee's work performance.'" *Knight*, 797 F. Supp. 2d at 1131-32 (quoting *Harris v. Forklift Sys., Inc.*, 114 S. Ct. 367, 371 (1993)).

Defendant argues in its motion that Plaintiff still does not fulfill the first and third elements. *See* Dkt. # 43 at 8-9; Dkt. # 45 at 4. Defendant is correct. Plaintiff repeats the same prior insufficient allegations in her Third Amended Complaint.

For the first prong, Plaintiff does not allege facts suggesting that she was subjected to verbal or physical conduct based on her sex, race, or national origin. *See* Dkt. # 42. Again, she relies upon conclusory statements, such as stating that the listed actions "were based on Plaintiff's race, Asian, Plaintiff's sex female." *Id.* at 1. Although Plaintiff lists several incidents in her Third Amended Complaint, she does not allege that these incidents are tied to her sex, race, or national origin. For example, Plaintiff alleges that her supervisor Mr. Weber insulted her by saying that "for what you do, I can easily get a drafter to replace you." *Id.* at 2. Plaintiff also alleges that she received several unwelcome phone calls during her sick leave. *Id.* at 3. While these instances may qualify as unwelcome conduct for the second prong, Plaintiff does not sufficiently allege that the alleged conduct was based on her sex, race, or national origin.

ORDER – 7

For the third prong, Plaintiff's Third Amended Complaint does not show that the alleged conduct was severe or pervasive enough to qualify as a hostile work environment. The Ninth Circuit has found that generally, "'isolated' incidents, occurring sporadically over a long period of time, are not severe or pervasive enough to alter the conditions of employment." *Henry v. Regents of the Univ. of Cal.*, 37 F. Supp. 3d 1067, 1085 (N.D. Cal. 2014). Plaintiff alleges only several incidents over a long period of time, such as an unsatisfactory performance review, two phone calls during her sick leave, removal of her laptop and remote working privileges, and receiving a parking ticket for improperly parking at work. *See* Dkt. # 42 at 2-3. Accordingly, the Court **DISMISSES** Plaintiff's hostile work environment claims with prejudice.

  c. Retaliation Claims

Plaintiff alleges that Defendant retaliated against her after she failed to return Mr. Sellers' phone calls during her sick leave and refused to release engineering drawings.[2] *Id.* For a prima facie case of retaliation, Plaintiff must show that "(1) she engaged in a protected activity, (2) she suffered an adverse employment action, and (3) there was a causal link between her activity and the employment decision." *Id.* (quoting *Raad v. Fairbanks N. Star Borough Sch. Dist.*, 323 F.3d 1185, 1196-97 (9th Cir. 2003)).[3]

The Court previously dismissed Plaintiff's retaliation claims for failing to demonstrate how declining to return Mr. Sellers' calls and refusing to release engineering drawings constitute protected activity under Title VII or WLAD. "An employee engages in protected activity when she opposes an employment practice that either violates Title VII or that the employee reasonably believes violates that law." *Westendorf v. W. Coast*

---

[2] Plaintiff brings a separate retaliation claim based on her October 2014 EEOC complaint submission and subsequent termination. This retaliation claim is not at issue in Defendant's Motion. The Court declined to dismiss this claim in Defendant's previous Motion to Dismiss. *See* Dkt. # 41 at 10.

[3] Courts commonly consider retaliation claims brought under Title VII and WLAD together. *See Stegall v. Citadel Broad. Co.*, 350 F.3d 1061, 1065 (9th Cir. 2003) (citing *Little v. Windermere Relocation, Inc.*, 301 F.3d 958, 969 (9th Cir. 2002)).

ORDER – 8

*Contractors of Nev., Inc.*, 712 F.3d 417, 422 (9th Cir. 2013) (citing *Freitag v. Ayers*, 468 F.3d 528, 541 (9th Cir. 2006)).

Plaintiff's Third Amended Complaint does not cure the deficiencies previously noted by the Court.  The Court **DISMISSES** with prejudice Plaintiff's claims of retaliation relating to Mr. Sellers' calls and to her refusal to release drawings.

    d.  Wrongful Termination in Violation of Public Policy

Plaintiff alleges wrongful discharge in violation of public policy.  *See* Dkt. # 42 at 10.  She alleges that Defendant violated public policy because Defendant's employees "made a big scene when they fired Plaintiff brutally and unlawfully on 11/20/14, caused humiliation and injury to Plaintiff."  *Id.*

To bring a claim for wrongful termination in violation of public policy, Plaintiff must allege facts demonstrating four elements:

> (1) the existence of a clear public policy (the clarity element); (2) that discouraging the conduct in which he or she engaged would jeopardize the public policy (the jeopardy element); (3) that the public-policy-linked conduct caused the dismissal (the causation element); and (4) that the defendant has not offered an overriding justification for the dismissal (the absence of justification element).

*Armijo v. Yakima HMA, LLC*, 868 F. Supp. 2d 1129, 1134 (E.D. Wash. 2012) (quoting *Cudney v. ALSCO, Inc.*, 259 P.3d 244, 246 (Wash. 2011)).  Examples of clear public policy violations are "when an employer terminates an employee as a result of his or her (1) refusal to commit an illegal act, (2) performance of a public duty or obligation, (3) exercise of a legal right or privilege, or (4) in retaliation for reporting employer misconduct."  *Id.*

Defendant argues that Plaintiff's Third Amended Complaint fails to identify a violation of public policy.  *See* Dkt. # 43 at 10.  In response, Plaintiff contends that the public policies allegedly violated include "Boeing's oral warning for 1st and 2nd parking mistake, Boeing Discharge policy, Washington Law Against Discrimination, and Human Rights, and Federal Law Title VII."  *See* Dkt. # 44 at 8.

ORDER – 9

Plaintiff has not sufficiently alleged that she was terminated in violation of public policy. Defendant's internal policies do not qualify as public policies. Furthermore, while Plaintiff cites Title VII and WLAD as bases for public policy, these statutes cannot serve as such. *See Armijo*, 868 F. Supp. 2d at 1134-35 (holding that WLAD and Washington's Law Against Retaliatory Discharge provide for a cause of action themselves, and thus, do not support a third cause of action for wrongful discharge as there is not additional "jeopardy" not already protected by the statutes themselves); *see also Lee v. Rite Aid Corp.*, 917 F. Supp. 2d 1168, 1175-76 (E.D. Wash. 2013) (finding that wrongful discharge claim was barred because the WFLA, WLAD, and FMLA sufficiently protected the public policy against pregnancy related employment discrimination). The Court **DISMISSES** with prejudice Plaintiff's claim that she was terminated in violation of public policy.

e. Family Medical Leave Claims

Plaintiff alleges that Defendant violated the FMLA and the WFLA by refusing to grant Plaintiff leave "to care for herself on 07/21/14, and . . . denied Plaintiff to flex [sic] time permanently to care for her ill dad." Dkt. # 42 at 11. To prevail on a FMLA interference claim, an employee must establish that "(1) [s]he was eligible for the FMLA's protections, (2) [her] employer was covered by the FMLA, (3) [s]he was entitled to leave under the FMLA, (4) [s]he provided sufficient notice of [her] intent to take leave, and (5) [her] employer denied [her] FMLA benefits to which [s]he was entitled." *See McDaniels v. Grp. Health Co-op*, 57 F. Supp. 3d 1300, 1316 (W.D. Wash. 2014) (quoting *Sanders v. City of Newport*, 657 F.3d 772, 778 (9th Cir. 2011)).

Plaintiff's Third Amended Complaint fails to substantiate her FMLA and WFLA claims. Instead of bolstering her claim with additional allegations, she merely reiterates her prior insufficient allegations with even less explanation for how the FMLA and WFLA were violated. These claims are **DISMISSED** with prejudice.

ORDER – 10

      f.   <u>Failure to Accommodate Claim</u>

Lastly, Plaintiff brings a claim for failure to accommodate under the Americans with Disabilities Act ("ADA"), the WLAD, and Title VII. *See* Dkt. # 42 at 11. Plaintiff repeats her argument that Defendant violated these laws by preventing her from obtaining a "CAD" scan after being terminated and by suspending her for improperly using sick leave several days after her eyeglasses were stolen at work. *Id.* Plaintiff does not add any new allegations in her Third Amended Complaint. *Id.*

To state a claim for failure to accommodate under the ADA, Plaintiff "must show that '(1) [she] is disabled within the meaning of the ADA; (2) [she] is a qualified individual able to perform the essential functions of the job with reasonable accommodation; and (3) [she] suffered an adverse employment action because of [her] disability.'" *Hotchkiss v. CSK Auto, Inc.*, 918 F. Supp. 2d 1108, 1123 (E.D. Wash. 2013) (quoting *Samper v. Providence St. Vincent Med. Ctr.*, 675 F.3d 1233, 1237 (9th Cir. 2012)). The WLAD requires Plaintiff to show:

> (1) that [s]he had a sensory, mental, or physical abnormality that substantially limited his or her ability to perform the job; (2) that [s]he was qualified to perform the essential functions of the job in question; (3) that [s]he gave [her] employer notice of the abnormality and its accompanying substantial limitations; and (4) upon receiving notice, the employer failed to affirmatively adopt measures that were available to and medically necessary to accommodate the abnormality.

*Id.* (citing *Riehl v. Foodmaker, Inc.*, 94 P.3d 930, 934 (Wash. 2004)).

As previously determined by the Court, Plaintiff does not appear to have a disability as covered by the ADA. *See* Dkt. # 41 at 13. Furthermore, Plaintiff does not explain how Defendant would be able to accommodate any alleged disability by providing a "CAD" scan after her termination. The Court **DISMISSES** with prejudice Plaintiff's failure to accommodate claims.

ORDER – 11

## V.   CONCLUSION

For the reasons stated above, the Court **GRANTS** Defendant's Motion to Dismiss. Dkt. # 43.  Because Plaintiff has been afforded the opportunity to cure deficiencies in her complaint through amendment and has been warned that failure to do so would result in dismissal, the Court will **DISMISS** with prejudice the claims targeted by Defendant in the instant motion without leave to amend.  The sole remaining issue to be resolved in this case is Plaintiff's claim that she was terminated in retaliation for filing a complaint with the EEOC.  *See* Dkt. # 41 at 10.

DATED this 20th day of December, 2016.

*/s/ Richard A. Jones*

The Honorable Richard A. Jones
United States District Judge

ORDER – 12