HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

MINHNGA NGUYEN,

    Plaintiff,

    v.

THE BOEING COMPANY,

    Defendant.

CASE NO. C15-793RAJ

ORDER

## I. INTRODUCTION

This matter comes before the Court on Plaintiff Minhnga Nguyen's Motion for Reconsideration, Motion to Stay, and Supplemental Motion for Reconsideration. Dkt. ## 50, 58, 61. Defendant Boeing Company ("Defendant") opposes the motions. Dkt. ## 58, 63. For the reasons set forth below, the Court **DENIES** Plaintiff's motions.

## II. BACKGROUND

On May 20, 2015, *pro se* plaintiff Minhnga Nguyen filed this action alleging claims of discrimination and retaliation under Title VII. *See* Dkt. # 1 at 2. Defendant moved to dismiss. Dkt. # 12. On December 8, 2015, the Court granted Defendant's Motion to Dismiss, but gave Plaintiff leave to amend. Dkt. # 24.

Plaintiff filed a Second Amended Complaint, alleging claims for disparate

ORDER – 1

treatment, hostile work environment, retaliation, wrongful termination in violation of public policy, violations of the federal Family and Medical Leave Act ("FMLA") and Washington Family Leave Act ("WFLA"), and failure to accommodate. Dkt. # 29. Defendant again moved to dismiss. Dkt. # 31. On May 16, 2016, the Court granted in part and denied in part Defendant's Motion, but again provided Plaintiff an opportunity to amend. Dkt. # 41. The Court identified the deficiencies in Plaintiff's Amended Complaint and cautioned her that if she did not cure these deficiencies, the Court would dismiss all affected claims. *Id.*

On May 26, 2016, Plaintiff filed her Third Amended Complaint. Dkt. # 42. Defendant again moved to dismiss. Dkt. # 43. On December 20, 2016, the Court granted Defendant's Motion and denied Plaintiff leave to amend. Dkt. # 46. The remaining issue at that time was whether Plaintiff was terminated in retaliation for filing a complaint with the EEOC. *Id.* at 12.

On January 11, 2017, Plaintiff filed an untimely Motion for Reconsideration of the Court's December 20, 2016 Order. Dkt. # 50. Plaintiff then retained counsel and asked the Court to stay its decision on the Motion until Plaintiff's counsel could acquaint themselves with the matter. Dkt. # 58. On March 6, 2017, Plaintiff filed a Supplemental Motion for Reconsideration. Dkt. # 61.

### III. LEGAL STANDARD

Motions for reconsideration are disfavored and will be granted only upon a "showing of manifest error in the prior ruling" or "new facts or legal authority which could not have been brought to [the court's] attention earlier with reasonable diligence." Local R. W.D. Wash. ("LCR") 7(h)(1).

A motion for reconsideration must be brought within fourteen (14) days after the order to which it relates was filed. LCR 7(h)(2).

### IV. ANALYSIS

Plaintiff's Motion is untimely, and the Court may use its discretion to deny the

ORDER – 2

pleading on those grounds. Plaintiff attempts to save the Motion by claiming that it could be brought under Federal Rule of Civil Procedure 60, which offers an extended deadline to file. Dkt. # 64. Rule 60(b) allows a party to move for relief from an order for reasons such as mistake, inadvertence, surprise, excusable neglect, or due to newly discovered evidence that could not have been discovered in time to move for a new trial. Fed. R. Civ. P. 60(b)(1), (2). Plaintiff has not shown that any of the reasons outlined in Rule 60 exist to allow the Court to relieve her of the prior Order.

Even if Plaintiff had filed a timely Motion for Reconsideration, she has failed to meet her burden under LCR 7(h)(1). First, Plaintiff claims that she presented satisfactory comparator evidence to support her claim for disparate treatment. Dkt. # 61 at 4. Plaintiff suggests that the Court did not analyze this evidence. *Id.* at 4-5. But the Court did analyze the comparator evidence in Plaintiff's Third Amended Complaint. Dkt. # 46 at 5-6. In fact, the Court cited to the same portions of Plaintiff's Third Amended Complaint that she know declares were sufficiently plead but overlooked. Having analyzed that evidence, the Court concluded that Plaintiff failed to meet her burden to prove disparate treatment. In her current Motion, Plaintiff does not present new facts or legal authority that were not also available to her earlier. Instead, she reiterates the facts already laid out in her previous pleadings. Dkt. # 61 at 5-6. Therefore, she does not meet her burden under LCR 7(h)(1).

Second, Plaintiff claims that the Court did not properly analyze her wrongful termination claim. Dkt. # 61 at 7. She avers that the Court came to its conclusion based on case law that has been overruled by the Washington Supreme Court. *Id.* In its previous Order, the Court found that Plaintiff failed to identify a violation of clear public policy (the clarity element), which is a necessary element of her claim. Dkt. # 46 at 10. Now, Plaintiff argues that *Rose v. Anderson Hay & Grain Co.*, 358 P.3d 1139 (Wash. 2015), redefines the jeopardy element of a wrongful discharge claim. Dkt. # 61 at 7-8. However, Plaintiff fails to show how her reading of *Rose* affects the Court's analysis of

ORDER – 3

the clarity element—this is because *Rose* does not change the Court's prior analysis. Plaintiff has again failed to meet her burden under LCR 7(h)(1).

Finally, Plaintiff once more seeks leave to amend her complaint. The Court does not find merit in Plaintiff's Motion for Reconsideration, and therefore will abide by its prior Order denying Plaintiff leave to further amend her complaint.

## V. CONCLUSION

For the reasons stated above, the Court **DENIES** Plaintiff's Motions for Reconsideration. Dkt. ## 50, 61. Plaintiff's Motion to Stay is **MOOT** and the Clerk is therefore instructed to terminate that Motion. Dkt. # 58. The Court declines to grant Plaintiff leave to amend her complaint.

DATED this 30th day of June, 2017.

The Honorable Richard A. Jones
United States District Judge

ORDER – 4