UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

MINHNGA NGUYEN,

    Plaintiff,

    v.

THE BOEING COMPANY,

    Defendant.

CASE NO. C15-793RAJ

ORDER

## I. INTRODUCTION

This matter comes before the Court on Plaintiff's Motion for Relief From Order # 46 and Order # 65, Motion to Compel and Correct Order Docket # 65, and Motion to Strike Boeing's Insufficient Answers. Dkt. ## 72, 74, 78. For the reasons set forth below, the Court **DENIES** Plaintiff's Motions.

## II. BACKGROUND

Plaintiff Minhnga Nguyen ("Plaintiff") filed a Complaint alleging claims of discrimination and retaliation under Title VII. Dkt. # 1. Plaintiff received two opportunities to amend her complaint. Dkt. ## 24, 41. After Plaintiff's third complaint failed to cure the deficiencies in the first two complaints, the Court granted Defendant's third motion to dismiss and denied Plaintiff leave to amend. Dkt. # 46. The remaining

ORDER – 1

issue to be resolved in this case is Plaintiff's claim that she was terminated in retaliation for filing a complaint with the Equal Employment Opportunity Commission ("EEOC"). *Id.*

On January 11, 2017, Plaintiff filed a motion for reconsideration. Dkt. # 50. Plaintiff then retained counsel and requested the Court stay its decision on the motion until Plaintiff's counsel could acquaint themselves with the matter. Dkt. # 58. On March 6, 2017, Plaintiff filed a supplemental motion for reconsideration. Dkt. # 61. On June 30, 2017, the Court found that Plaintiff's motions for reconsideration were untimely. The Court nevertheless reviewed Plaintiff's arguments and found that even if the motions had been timely, Plaintiff failed to meet her burden under Local Rule 7(h)(1). Dkt. # 65.

On July 28, 2017, Plaintiff filed a motion to compel. Dkt. # 69. The Court struck Plaintiff's motion without prejudice with leave to refile after the parties met and conferred in accordance with Local Rule 37(a)(1). Dkt. # 70. Plaintiff then filed a Motion for Relief, a Motion to Compel and a Motion to Strike. Dkt. ## 72, 74, 78.

## III. ANALYSIS

a. Motion for Reconsideration

On August 15, 2017, Plaintiff filed a Motion for Relief from the Court's Order granting Defendant's third motion to dismiss and from the Court's Order denying her motions to reconsider. The Court interprets this as a renewed motion for reconsideration.

Motions for reconsideration are disfavored and will be granted only upon a "showing of manifest error in the prior ruling" or "new facts or legal authority which could not have been brought to [the court's] attention earlier with reasonable diligence."

ORDER – 2

Local R. W.D. Wash. ("LCR") 7(h)(1). A motion for reconsideration must be brought within fourteen (14) days after the order to which it relates was filed. LCR 7(h)(2).

As with Plaintiff's previous motions for reconsideration, Plaintiff's current Motion for Reconsideration of the Court's December 20, 2016 Order is untimely. Plaintiff also asks the Court to reconsider the June 30, 2017 Order denying her previous motions for reconsideration. Plaintiff filed her current Motion on August 15, 2017, or well after the fourteen (14) day deadline. Thus, to the extent that the Motion requests reconsideration of the June 30, 2017 Order, it is also untimely. Plaintiff again attempts to bring her Motion under Federal Rule of Civil Procedure 60 in order to take advantage of the extended deadline to file. However, Plaintiff fails to show any "mistake, inadvertence, surprise, excusable neglect, or newly discovered evidence" such that relief under Rule 60 would be appropriate.

Even if Plaintiff's Motion was timely in relation to either Order, Plaintiff failed to meet her burden under LCR 7(h)(1). Plaintiff's Motion provides no new facts or legal authority which could not have been brought to the Court's attention earlier nor does it point to a "manifest error" in the previous ruling. Therefore, Plaintiff's Motion to Reconsider is **DENIED.** Dkt. # 72.

b. <u>Motions to Compel</u>

Plaintiff filed a Motion to Compel and to Correct Order Docket #65 and a Motion to Strike Boeing's Insufficient Answers. Dkt. ## 74, 78. As a preliminary matter, Plaintiff's Motion to Compel also appears to be another motion for reconsideration of the Court's denial of her previous motions for reconsideration. Dkt. # 74. This portion of

ORDER – 3

the Motion to Compel merely repeats the arguments stated in the Motion considered above. To the extent that this Motion to Compel is another motion for reconsideration, for the reasons stated above, it is **DENIED.** Dkt. #74.

In addition to the Motion to Compel, Plaintiff filed a Motion to Strike Boeing's Insufficient Answers. Dkt. # 78. While Plaintiff states that she brings this Motion to Strike under Federal Rule of Civil Procedure 12(f), the Motion appears to be another motion to compel, and the Court will consider it as such.

Plaintiff argues that Defendant has not provided "reasonable answers" to her discovery requests, that these answers contain "invalid" and "insufficient" objections, and that Defendant has not "provided evidence in their possession." Dkt. # 74, 78. More specifically, Plaintiff argues that Boeing failed to provide all of the documents she requested and lists several discovery requests that she contends she did not receive answers to. Dkt. # 77.

As an initial matter, Plaintiff has failed to comply with the meet-and-confer requirements of Federal Rule of Civil Procedure 37(a)(1) and LCR 37(a)(1). The former provides, "[t]he motion must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." Fed. R. Civ. P. 37(a)(1). The latter provides:

> (1) *Meet and Confer Requirement.* Any motion for an order
>     compelling disclosure or discovery must include a certification,
>     in the motion or in a declaration or affidavit, that the movant has
>     in good faith conferred or attempted to confer with the person or
>     party failing to make disclosure or discovery in an effort to

ORDER – 4

> resolve the dispute without court action. The certification must list the date, manner, and participants to the conference. If the movant fails to include such a certification, the court may deny the motion without addressing the merits of the dispute. A good faith effort to confer with a party or person not making a disclosure or discovery requires a face-to-face meeting or a telephone conference.

W.D. Wash. Local Civ. R. 37(a)(1). Plaintiff certifies that she attempted to confer with Defendant after she served her initial discovery requests, but does not provide sufficient certification that she attempted to confer with Defendant prior to filing either Motion to Compel. Plaintiff instead refers to an email that she purportedly sent to Defendant's counsel asking him to let her know if Defendant planned to respond to her discovery requests and stating her intention to file a motion to compel if Defendant did not respond. Dkt. # 77. This assertion does not comply with the meet-and-confer requirements of the Federal and Local rules. Plaintiff filed no such assertion or certification for her other Motion. Dkt. # 78.

As noted above, where the parties do not meet these requirements, the Court may deny the motions without addressing the merits of the discovery dispute. Additionally, the Court cannot properly rule on Plaintiff's Motions without knowing what, exactly, Plaintiff wishes to compel or how Defendant allegedly failed to properly respond to her discovery requests. Plaintiff fails to provide sufficient details regarding Defendant's responses, including why Defendant's objections are allegedly "invalid" or "insufficient". If Defendant has failed to properly respond to Plaintiff's discovery requests, Plaintiff may be justified in seeking the Court's intervention. Therefore, Plaintiff's Motions to Compel

ORDER – 5

are **DENIED** without prejudice with leave to refile[1].

## IV. CONCLUSION

For the reasons stated above, the Court **DENIES** Plaintiff's Motion for Relief. Dkt. # 72. To the extent that Plaintiff's Motion to Compel is a motion for reconsideration, it is also **DENIED.** Dkt. # 74. Plaintiff's Motion to Compel and to Correct Order Docket #65 and Motion to Strike Boeing's Insufficient Answers are **DENIED** without prejudice with leave to refile. Dkt. # 74, 78.

DATED this 19th day of September, 2017.

*Richard A. Jones*

The Honorable Richard A. Jones
United States District Judge

---

[1] Plaintiff's certification also references another email exchange with Defendant's counsel, where counsel purportedly states, "I do not have time for another phone conference today, and do not believe one is necessary or required." While the Court does not have any further details as to the parties' interactions in this regard, Defendant cannot refuse to meet and confer with Plaintiff and then argue that Plaintiff's Motion should be denied because the parties did not meet and confer.

ORDER – 6