HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

MINHNGA NGUYEN,

    Plaintiff,

v.

The BOEING COMPANY,

    Defendant.

Case No. 2:15-cv-00793-RAJ

ORDER

## I. INTRODUCTION

This matter comes before the Court on Plaintiff's Motion to Amend Judgment. Dkt. # 143. For the reasons below, Plaintiff's motion is **DENIED**.

## II. BACKGROUND

The facts of this case are set forth in greater detail in the Findings of Fact and Conclusions of Law issued by the Court. Dkt. # 137. Those facts will not be repeated and are incorporated in this Order.

## III. DISCUSSION

Motions for reconsideration are disfavored under the Local Rules for the Western

ORDER – 1

District of Washington. *See* LCR 7(h)(1). Thus, "in the absence of a showing of manifest error in the prior ruling or a showing of new facts or legal authority which could not have been brought to [the Court's] attention earlier with reasonable diligence," such motions will ordinarily be denied. *Id.* Motions for reconsideration must be filed within fourteen (14) days of the order on which the motion is based. LCR 7(h)(2).

While a previous order can be reconsidered and amended under Rule 59(e), the rule offers an "extraordinary remedy" to be used sparingly. A motion to reconsider "should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." *Carroll v. Nakatani*, 342 F.3d 934, 945 (9th Cir. 2003) (quoting *Kona Enterprises, Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000); Fed. R. Civ. P. 59. Rule 60(b) allows a party to seek relief from an order under a "limited set of circumstances, including fraud, mistake, and newly discovered evidence." *Harvest v. Castro*, 531 F.3d 737, 744 (9th Cir. 2008); Fed. R. Civ. P. 60(b).

Plaintiff has failed to show any newly discovered evidence, clear error of law, or any intervening change in the law. Rather, Plaintiff attempts to re-litigate issues addressed at trial that were subsequently analyzed in the Court's Findings of Fact and Conclusions of Law. *See* Dkt. # 137. To the extent Plaintiff's motion evidence not submitted at trial, she presents no explanation as to why she was unable to previously present this evidence. Ultimately, as the Court noted in its Findings of Fact and Conclusions of Law, Plaintiff failed to show by a preponderance of the evidence that her filing of an EEO complaint was one of the reasons she was terminated, and that, but for that complaint, she would not have been fired. *See Villiarimo v. Aloha Island Air, Inc.*, 281 F.3d 1054, 1064-65 (9th Cir. 2002). Furthermore, Defendant met its burden to produce evidence of a legitimate, nondiscrimatory reason for Plaintiff's discharge. Specifically, Defendant produced substantial evidence of Plaintiff's failure to comply with management direction or company policies at the time of her termination. Dkt. # 137 at 16-17. Finding no basis for

ORDER – 2

reconsideration, the Court **DENIES** Plaintiff's motion. Dkt. # 143.

DATED this 17th day of July, 2019.

*Richard A. Jones*
The Honorable Richard A. Jones
United States District Judge

ORDER – 3